UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEREMY THOMAS,

        Petitioner,

v.                                             CASE NO: 8:09-cv-1995-T-27EAJ

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS,

        Respondent.
_____/

## ORDER

Jeremy Thomas ("Thomas"), a Florida prisoner, petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Dkt. 2.) Thomas challenges his judgment of conviction and sentence arising out of the Thirteenth Judicial Circuit Court in Hillsborough County, Florida. Respondent filed a response to the petition along with the appendix record of Thomas's state court proceedings. (Dkts. 7 & 10.) Thomas filed a reply to the response. (Dkt. 8.) A review of the record demonstrates that the petition is due to be denied.

### Procedural History

On January 28, 2003, the state filed an information charging Thomas with one count of robbery with a firearm and six counts of kidnaping. (Ex. 21: Vol. 1: R 21-27).[1]

---

[1] All exhibits cited throughout this Order are included in the appendix record of Petitioner's state court proceedings (Dkt. 10).

Pursuant to Thomas's motion to dismiss, the six counts of kidnaping were dismissed and the case proceeded to jury trial on May 24, 2004, on the robbery count only. Thomas was represented by court-appointed counsel.[2] The jury found Thomas guilty as charged of robbery with a firearm. (Id. at Vol. 1: R 107.) On June 24, 2004, the court adjudicated Thomas guilty and sentenced him to life in prison as an habitual felony offender and prison releasee reoffender, with a ten-year minimum mandatory term pursuant to the 10-20-Life statute. (Id. at Vol 1: R 174-180.)

Thomas pursued a direct appeal. Through his attorneys, he filed an initial brief raising four issues. (Ex. 1.) On or about December 13, 2005, his attorneys filed an amended initial brief, adding a fifth issue:

> Ground 1: THE EVIDENCE WAS INSUFFICIENT TO SUSTAIN A CONVICTION FOR ROBBERY WITH A "FIREARM."
>
> Ground 2: THE EVIDENCE WAS INSUFFICIENT TO SUSTAIN A CONVICTION OF THE DEFENDANT AS THE PERPETRATOR.
>
> Ground 3: THE TRIAL COURT ERRED IN ADMITTING THE BOOKING PHOTO AFTER FINDING A STATE DISCOVERY VIOLATION.
>
> Ground 4: THOMAS'S MANDATORY LIFE SENTENCE AS A PRR VIOLATES APPRENDI AS APPLIED BY BLAKELY.
>
> Ground 5: THOMAS' PRR SENTENCE WAS BASED ON INADMISSIBLE, UNAUTHENTICATED OR HEARSAY EVIDENCE.

---

[2] Prior to July 14, 2003, Thomas had been represented by two private attorneys.

(Ex. 2.) The State filed an answer brief (Ex. 3), and Thomas filed a reply brief (Ex. 4). On December 21, 2005, the Second District Court of Appeal filed a *per curiam* opinion affirming Thomas's judgment and sentence. (Ex. 5.) The mandate was issued on January 11, 2006. (Ex. 6.)

On August 24, 2006, Thomas, through his attorneys, filed a motion for post-conviction relief, pursuant to Florida Rule of Criminal Procedure 3.850. (Ex. 7.) He raised the following four claims of ineffective assistance of trial counsel and one claim of cumulative error:

> (1) trial counsel was ineffective for failing to investigate and call alibi witness Adricain;
>
> (2) trial counsel was ineffective for failing to investigate and call alibi witness McCloud;
>
> (3) trial counsel was ineffective for failing to obtain and utilize mental health evaluation;
>
> (4) trial counsel was ineffective for failing to make a proper objection to the State's PRR sentencing evidence; and
>
> (5) cumulative effect of errors in grounds 1 through 4.

On January 16, 2007, the trial court issued an order to respond, order denying, in part, and reserving ruling, in part, on the motion for post-conviction relief. (Ex. 8.) The order directed the state to respond to grounds one, two, and three, summarily denied ground four, and reserved ruling on ground five. On January 31, 2007, the State filed its response, conceding that Thomas was entitled to a hearing on grounds one, two, and

three. (Ex. 9.) The court issued an order granting a hearing on grounds one, two, and three. (Ex. 10.) On May 31, 2007, prior to the evidentiary hearing, Thomas, through counsel, filed an amended motion adding two additional grounds for post-conviction relief: (6) trial counsel was ineffective for failing to investigate and call alibi witness Brian Keith Arnold; and (7) the trial court committed a sentencing error by imposing PRR and non-PRR enhancements to sentences which included HVFO and 10-29-life designations. (Ex. 11.) On June 20, 2007, the court issued an order granting an evidentiary hearing on ground six, and granted sentencing relief, in part, on ground seven by striking the habitual felony offender designation on the life sentences. (Ex. 12.)

The trial court held an evidentiary hearing on October 23, 2007. (Ex. 13.) Thomas was represented by counsel. The court heard testimony from Thomas, his former trial counsel, and alleged alibi witnesses Brian Keith Arnold, and Roberta Thomas, Thomas's mother. Two alleged alibi witnesses, Claudio Andricain and Jermane McCloud, did not appear at the hearing. Following the hearing, on April 25, 2008, the trial court issued a final order denying the motion for post-conviction relief. (Ex. 14.)

Thomas appealed the court's final order. (Ex. 15.) He filed a *pro se* initial brief, raising the following issue:

> WHETHER THE TRIAL COURT RELIEF ON COMPETENT SUBSTANTIAL EVIDENCE IN DENYING RELIEF AFTER A HEARING WAS HELD.

(Ex. 16.) The state filed an answer brief (Ex. 17), and Thomas filed a *pro se* reply brief (Ex. 18). On August 28, 2009, the Second District Court of Appeal filed a *per curiam* opinion affirming the lower court's denial of the motion for post-conviction relief. (Ex. 19.) The court issued the mandate on September 24, 2009. (Ex. 20.)

### The Present Petition

Thomas timely filed the instant federal petition in this Court, pursuant to 28 U.S.C. § 2244(d), on October 1, 2009. The petition presents one ground for relief:

> TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO INVESTIGATE AND CALL ALIBI WITNESSES.

### The AEDPA Standard of Review

Thomas's federal petition is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA") effective April 24, 1996. See Lindh v. Murphy, 521 U.S. 320, 336, 138 L. Ed. 2d 481, 17 S. Ct. 2059 (1997). Section 104 of the AEDPA amended 28 U.S.C. § 2254 by adding the following provision:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
>   (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>   (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Section 2254, as amended by the AEDPA, establishes a highly deferential standard for reviewing state court judgments. Parker v. Secretary, Dep't of Corr., 331 F.3d 764 (11th Cir. 2003) (citing Robinson v. Moore, 300 F.3d 1320, 1342 (11th Cir. 2002)). Thomas filed his petition for writ of habeas corpus after the AEDPA's enactment and section 104 applies to his petition.

Review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. Section 2254(d)(1) refers, in the past tense, to a state-court adjudication that "resulted in" a decision that was contrary to, or "involved" an unreasonable application of, established law. This language requires an examination of the state court decision at the time it was made. It follows that the record under review is limited to the record in existence at that same time, *i.e.*, the record before the state court. Cullen v. Pinholster, 131 S.Ct. 1388, 1398–1401 (2011). In addition, § 2254(e)(1) "provides for a highly deferential standard of review for factual determinations made by a state court." Robinson, 300 F.3d at 1342. The federal court will presume the correctness of state court findings of fact, unless the petitioner is able to rebut that presumption by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1). When measured against the AEDPA standard, it is clear that Thomas's petition is due to be denied.

### Standard of Review for Ineffective Assistance of Counsel Claims

A petitioner claiming ineffective assistance of counsel must meet the two-part standard for counsel's performance established by Strickland v. Washington, 466 U.S.

668 (1984). To establish a *prima facie* claim of ineffective assistance of counsel, the petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. Id. at 687. Deficient performance is performance which is objectively unreasonable under prevailing professional norms. Id. at 688. Sound tactical decisions within a range of reasonable professional competence are not vulnerable to collateral attack. See e.g., Weber v. Israel, 730 F.2d 499, 508 (7th Cir.) (finding that choosing a defense is a matter of trial strategy), cert. denied, 469 U.S. 850 (1984); United States v. Guerra, 628 F.2d 410, 413 (5th Cir. 1980), cert. denied, 450 U.S. 934 (1981). Prejudice results when there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. The cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between. Waters v. Thomas, 46 F.3d 1506, 1511 (11th Cir. 1995) (*en banc*) (quoting Rogers v. Zant, 13 F.3d 384, 386 (11th Cir. 1994)).

### Discussion of Petitioner's Claim

Thomas asserts that his trial counsel was ineffective for failing to investigate and call alibi witnesses Brian Keith Arnold, Jermane McCloud, and Claudio Andricain. As mentioned above, the trial court held an evidentiary hearing on these claims. Brian Keith Arnold testified at the hearing, but the two other witnesses did not appear. In ruling against Thomas, the trial court found, in part:

In grounds one, two, and six of his Motions, Defendant alleges ineffective assistance of counsel for failure to investigate and call alibi witnesses. Specifically, Defendant contends that counsel was deficient for failing to investigate and call as witnesses Claudio Andricain, Jermane McCloud, and Keith Brian Arnold, as they were available to testify and would have provided exculpatory evidence as alibi witnesses. Defendant contends further that he informed counsel of these potential alibi witnesses, and provided counsel with their names and contact information. Defendant alleges that counsel's failure to investigate and call these alibi witnesses prejudiced Defendant at trial.

Of these three potential witnesses, only Arnold appeared at the evidentiary hearing to outline the testimony he could have provided at trial if called as a witness. The Court notes that an allegation of ineffective assistance of counsel for failure to call a witness will fail where the defendant does not present any evidence at the evidentiary hearing from witnesses he claimed could be helpful. See Gore v. State, 846 So.2d 461, 469-470 (Fla. 2003). Because Defendant failed to meet his burden with respect to witnesses Andricain and McCloud - neither could be located for the hearing - he effectively waived his allegation as to these witnesses. (See Transcript, October 23, 2007, pp. 68-69, attached); see Ferrell v. State, 918 So2d 163, 173 (Fla. 2005) (explaining that the substance of potential trial witnesses' testimony is a fact-based issue that requires development, and thus a defendant effectively waives this type of allegation by failing to present evidence when given the opportunity to do so). Furthermore, as to Andricain, McCloud, and Arnold, counsel testified that Defendant never named these three people as possible alibi witnesses, but rather focused on his mother - who did testify at trial - as his alibi witness. (See Transcript, October 23, 2007, pp. 10-11, 14-15, attached). Had counsel been provided these three names, he testified, he would have investigated them as possible alibi witnesses. (See Transcript, October 23, 2007, pp. 10-11, attached). The Court finds counsel's testimony to be credible, and finds that as he was unaware of these possible witnesses, he cannot be deemed deficient for failing to have investigated them. See Cox v. State, 966 So.2d 337, 363 (Fla. 2007) (quoting Sims v. Singletary, 155 F.3d 1297, 1316 (11th Cir. 1998) (explaining that counsel cannot be deemed deficient for failing to investigate a witness of whom he was unaware). For these reasons, Defendant warrants no relief on grounds one, two, or six of his Motions for Post-Conviction Relief.

(Ex. 14: Final Order Denying Motions for Post-Conviction Relief at pp. 1-2.)

Trial counsel also testified at the hearing that he was unaware of the three potential alibi witnesses listed in Thomas's post-conviction motion and the trial court found his testimony to be credible. As a consequence, the court concluded that counsel could not be deemed ineffective for failing to investigate these witnesses. Pursuant to 28 U.S.C. § 2254(e)(1), a determination of a factual issue made by a state court shall be presumed to be correct and the petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. The federal courts are in accord with the principle that the fact-finder's credibility determinations are not to be disturbed. Even where there is some conflict in the evidence, credibility determinations are within the province of the fact-finder. See Anderson v. City of Bessemer City, 470 U.S. 564, 575 (1985) (holding that special deference is due where a trial court's findings are based on the credibility of witnesses, "for only the trial judge can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding of and belief in what is said"); Inwood Lab., Inc. v. Ives Lab., Inc., 456 U.S. 844, 856 (1982) (holding that "[d]etermining the weight and credibility of the evidence is the special province of the trier of fact."); United States v. Pineiro, 389 F.3d 1359, 1366 (11th Cir.2004) (holding that "[s]uch a credibility finding is within the province of the factfinder").

Here, the state court's credibility finding is supported in the record. Trial counsel presented the testimony of one alibi witness, Thomas's mother, and the Court agrees with

Respondent that this demonstrates counsel's awareness of the alibi defense and that he did investigate and call an alibi witness. The Court must also concur with Respondent that a logical inference from this action is that had Thomas given counsel the names of the other alleged alibi witnesses, counsel would have taken some action to investigate and secure their testimony. Trial counsel stated as much during his evidentiary hearing testimony. (Ex. 13, pp. 10-11.) Moreover, as Respondent points out, Thomas testified in his own behalf at trial and not once did he refer to any of the three alibi witnesses or state that he was at home with these three men on the night of the offense. (Ex. 21: Vol. 4: T 356-367.) Thomas fails to meet his burden under Strickland to demonstrate deficient performance by counsel.

Finally, the state court correctly held that Thomas failed to carry his burden of showing prejudice resulting from counsel's failure to call Claudio Andricain and Jermane McCloud to testify at trial where Thomas did not present any evidence at the evidentiary hearing from witnesses he claimed could be helpful. See Gore v. State, 846 So. 2d 461, 469-470 (Fla. 2003); see also Gorman v. State, 738 So. 2d 966, 967 (Fla. Dist. Ct. App. 1999) (holding that no evidence was presented that a witness would have been available to testify at trial or that he would have testified in a manner favorable to the defense); State v. Hanania, 715 So. 2d 984, 986 (Fla. Dist. Ct. App. 1998) (reversing trial court order granting new trial on claim of ineffective assistance of counsel predicated on counsel's failure to call a co-defendant and confidential informant as defense witnesses

because defendant had failed to present any evidence at evidentiary hearing establishing what the confidential informant's and co-defendant's testimony would have been), rev. denied, 727 So. 2d 905 (Fla. 1998). In light of the foregoing, this Court must conclude that the state court decision against Thomas was neither contrary to, nor an unreasonable application of, Supreme Court precedent, and Thomas's claim must likewise be denied by this Court.

**ACCORDINGLY**, it is **ORDERED AND ADJUDGED**:

1. The petition for writ of habeas corpus is denied. The Clerk is directed to enter judgment against Petitioner and close this case.

2. The Court declines to issue a certificate of appealability because Petitioner fails to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2). Nor will this Court authorize Petitioner to proceed on appeal *in forma pauperis* because such an appeal would not be taken in good faith. See 28 U.S.C. § 1915(a)(3).

**DONE AND ORDERED** at Tampa, Florida, on October 31st, 2012.

JAMES D. WHITTEMORE
UNITED STATES DISTRICT JUDGE

COPIES FURNISHED TO:
*Pro se* Petitioner
Counsel of Record